PER CURIAM.
This is a lawyer disciplinary proceeding in which the respondent, Granville H. Crab-tree, Jr., seeks review of the referee’s report including the findings of fact and recommended discipline of disbarment.[1] We approve the referee’s report including the recommendation of disbarment.
The misconduct concerned complex fiscal transactions in which Crabtree was employed to repatriate $1.5 million from Europe for a client in Florida without disclosing the source of the funds.[2] Crabtree involved another client in numerous transactions designed to accomplish this task, including the purchase of an orange grove. In doing so, he received a personal interest in the assets and failed to fully disclose to the clients his interest or the fact that they were all involved in the same transactions. The referee made numerous findings of violations of disciplinary rules, including that Crabtree (1) engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Disciplinary Rule 1-102(A)(4), Code of Professional Responsibility; (2) entered into a business transaction with a client without full disclosure and consent of the client, in violation of Disciplinary Rule 5-104(A), Code of Professional Responsibility; and (3) was involved in representing two clients at the same time who could have adverse interests without their knowledge or consent, in violation of Disciplinary Rule 5-105(B), Code of Professional Responsibility.[3]
Crabtree asserts that the referee’s findings of fact are not supported by competent, substantial evidence and in some instances are contrary to the evidence presented in these disciplinary proceedings. Crabtree notes that none of the parties involved with this transaction filed any complaint concerning his conduct in this matter.
We find this record supports the referee’s findings of fact and recommendations. We note that it is unrefuted that Crabtree was representing two different people in the same transactions without informing one of his representation of the other. Crabtree also took fees and an interest in the transactions without fully explaining his part and share in the transactions. Further, it is unrefuted that Crab-tree wrote phony letters designed to mislead anyone who was looking into the transactions. We also find that Crabtree received a prior private reprimand for similar conduct.
Accordingly, we approve the disciplinary recommendation of the referee, and Gran-ville H. Crabtree, Jr., is hereby disbarred from the practice of law, effective March 2, 1992, thereby giving him time to close out his practice and to protect his clients. It is ordered that Crabtree not accept any new clients during the period from the date of this opinion to the date of disbarment. Judgment for costs in the sum of $7,898.65 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

. We have jurisdiction. Art. V, § 15, Fla. Const.

. There is no allegation that what Crabtree was employed to do was illegal.

.The Code of Professional Responsibility was replaced by the Rules Regulating The Florida Bar adopted in The Florida Bar re Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986).